LAW OFFICES OF RODNEY
BRIDGERS, LLLC

RODNEY P. BRIDGERS, JR. 9505
707 Richards Street, Ste. 526
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593
rod@helpingemployeeshi.com


Attorney for Plaintiff
JOANN LOGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| JOANN LOGAN, | ) | CIVIL NO. |
|---|---|---|
| | ) | (Other Civil Action) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PRIVILEGE UNDERWRITERS, INC., | ) ) | **COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# COMPLAINT

COMES NOW Plaintiff JOANN LOGAN ("Plaintiff") by and through her attorney, RODNEY P. BRIDGERS, JR., and hereby complains against the above-mentioned Defendant and allege and aver as follows:

I.      JURISDICTION AND VENUE

   1.      Jurisdiction is based on the fact that this case is brought pursuant to The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623, *et seq*. Plaintiff claims that Defendant violated her rights under this Act.

   2.      Jurisdiction is based on the fact that this case is brought pursuant to Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. Plaintiff claims that Defendant violated her rights under this Act.

   3.      Further, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (a). Plaintiff and Defendant are citizens of different States and the amount in controversy vastly exceeds $75,000.00.

   4.      Plaintiff has brought additional claims under the laws of the State of Hawaii. This Court enjoys jurisdiction over the state claims as they arise under the same set of facts as the ADEA and ADA claims.

   5.      The acts, omissions, and transactions alleged herein occurred entirely within the State of Hawaii. Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in this Court.

II.     PARTIES

   6.      Plaintiff JOANN LOGAN ("Plaintiff") is and was a citizen of the City & County of Honolulu at all times pertinent hereto.

7. Defendant PRIVILEGE UNDERWRITERS, INC. ("Defendant") is a foreign for-profit corporation incorporated in the State of Delaware with a principal place of business in the State of New York.

8. At all times relevant herein, all employees or agents of Defendant were acting within the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein.

9. Therefore, Defendant is directly liable for the conduct of their agents and/or employees.

10. Defendant is also liable under the rules and regulations of the doctrines of strict liability, respondeat superior, vicarious liability and/or agency.

11. Plaintiff complied with all conditions precedent before bringing this action.

III. STATEMENT OF FACTS

12. Defendant employed Plaintiff, a 48 year-old, disabled female, from October 11, 2021 until March 21, 2022.

13. Plaintiff was employed by Defendant as its Sales & Marketing Manager until she was illegally terminated by Defendant.

14. Upon her hiring, Plaintiff sought and obtained Defendant's permission to continue doing work for her mother's company, Rigil Kent.

15. The limited services Plaintiff performed for Rigil Kent did not prevent her from performing her job duties for Defendant.

16. Plaintiff was Defendant' sole employee in Hawaii, and thus, directly responsible for Defendant's increased presence and performance within Hawaii.

17. Plaintiff, with Defendant's express permission, offered new and highly coveted products and services to Defendant's Hawaii customers.

18. Plaintiff received accolades from Defendant's upper management regarding her successful job performance.

19. Prior to her employment being terminated by Defendant, Plaintiff was told that she was an exemplary and valuable employee by Defendant's upper levels of management.

20. Plaintiff was so successful and so important to Defendant that Defendant gave her a raise and a bonus on March 4, 2022, shortly before it illegally terminated her.

21. Throughout Plaintiff's employment, Defendant subjected her to demeaning and harassing comments about her age.

22. Plaintiff was routinely reminded by management that she was much older than most of Defendant's female employees.

23. Defendant assigned Plaintiff a higher workload that it assigned its younger employees.

Case 1:23-cv-00034-MWJS-RT   Document 1   Filed 01/24/23   Page 5 of 12   PageID.5

24. Plaintiff exceled under the higher workload assigned her.

25. At the time of her illegal termination on March 21, 2022, Plaintiff was reporting to Anthony Hinkle, a younger male.

26. Mr. Hinkle visited Hawaii for the first time as Plaintiff' supervisor in March 2022.

27. During that March 2022 visit, Plaintiff confided in Mr. Hinkle that she was disabled due to fibromyalgia and depression.

28. Despite her age and disabilities, Plaintiff excelled in her role as Defendant's Sales & Marketing Manager.

29. Mr. Hinkle seemed overly after being made aware of Plaintiff's age and  disabilities.

30. Plaintiff assured Mr. Hinkle that her age and disabilities did not prevent her from doing her job.

31. With mere days of disclosing her age and disabilities to Mr. Hinkle, Defendant summarily and illegally terminated Plaintiff's employment.

32. In a desperate attempt to disguise its illegal motives behind firing Plaintiff, Defendant created a fictitious reason to justify Plaintiff's termination.

33. Defendant foolishly claimed that Plaintiff's services to Rigil Kent constituted an unacceptable violation of its conflict of interest policy.

5

34. The absurdity of Defendant's explanation for Plaintiff's termination is obvious.

35. Defendant had approved Plaintiff's working relationship with Rigil Kent at the onset of Plaintiff's employment.

36. Prior to her termination, Defendant had never expressed any concerns about Plaintiff's relationship with Rigil Kent.

37. The fabricated conflict of interest was mere pretext to disguise its illegal motives in firing Plaintiff.

38. As a result of the unlawful discrimination and harassment to which Defendant subjected Plaintiff based upon her age and disabilities, Plaintiff has suffered general and special damages in amounts to be shown at trial and is entitled to all equitable and legal remedies and compensatory and punitive damages.

IV. **CLAIMS FOR RELIEF**

**Violations of The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623, et seq.**

39. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

40. The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623, states:

> (a) Employer practices
>
> It shall be unlawful for an employer-

6

        (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

41.    Defendant discriminated against Plaintiff due to her age in violation of The Age Discrimination in Employment Act of 1967, as amended.

42.    Defendant failed to provide Plaintiff with employment conditions where she could safely work free from illegal discrimination in violation of The Age Discrimination in Employment Act of 1967, as amended.

43.    Defendant failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein in violation of The Age Discrimination in Employment Act of 1967, as amended.

44.    Defendant illegally discriminated against Plaintiff due to her age in violation of The Age Discrimination in Employment Act of 1967, as amended.

45.    As a result of the foregoing acts of illegal discrimination in violation of The Age Discrimination in Employment Act of 1967, as amended, Plaintiff suffered and continues to suffer emotional distress, humiliation, damage to her reputation, loss of income, loss of wage earning capacity, attorneys' fees and costs, and general and special damages in an amount to be proven at trial and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under The Age Discrimination in Employment Act of 1967, as amended.

**Violations of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.**

46. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

47. Section 12112 Americans with Disabilities Act of 1990, as amended, states:

(a) General rule

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

48. Defendant discriminated against Plaintiff due to her disability in violation of Americans with Disabilities Act of 1990, as amended.

49. Defendant failed to provide Plaintiff with employment conditions where she could safely work free from illegal discrimination in violation of Americans with Disabilities Act of 1990, as amended.

50. Defendant failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein in violation of Americans with Disabilities Act of 1990, as amended.

51. Defendant illegally discriminated against Plaintiff due to her disability in violation of the Americans with Disabilities Act of 1990, as amended.

52. As a result of the foregoing acts of illegal discrimination in violation of the Americans with Disabilities Act of 1990, as amended, Plaintiff suffered and continues to suffer emotional distress, humiliation, damage to her reputation, loss of income, loss of wage earning capacity, attorneys' fees and costs, and general and special damages in an amount to be proven at trial and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under Americans with Disabilities Act of 1990, as amended.

## **VIOLATIONS OF H.R.S. § 378**

53. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

53. Hawaii Revised Statutes (H.R.S.) § 378-2 provides in pertinent part:

(a) It shall be an unlawful discrimination practice:

(1)   Because of . . . age . . . disability … . :

(A)   For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in terms, conditions, or privileges of employment [.]

54. Defendant has discriminated against Plaintiff due to her age and disability in violation of H.R.S. § 378

55. Defendant failed to provide Plaintiff with employment conditions where she could safely work free from illegal discrimination in violation of H.R.S. § 378.

9

56. Defendant failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein in violation of H.R.S. § 378.

57. Defendant illegally discriminated against Plaintiff due to her age and disability in violation of H.R.S. §378-2.

58. As a result of the foregoing acts of illegal discrimination and retaliation in violation of H.R.S. §378-2, Plaintiff has suffered emotional distress, humiliation, distress, damage to her reputation, loss of income, loss of wage earning capacity, general and special damages in an amount to be proven at trial, attorneys' fees and costs, and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under H.R.S. § 378.

## PUNITIVE DAMAGES

59. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

60. In performing all of the acts and omissions described above, Defendant, through their agents, employees, and/or representatives, acted intentionally, willfully, wantonly, oppressively, or with gross negligence, and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which

raises a presumption of a conscious indifference to the consequences of their conduct.

  61. Defendant is therefore liable to Plaintiff for punitive damages in amounts to be proven at trial.

  WHEREFORE, Plaintiff prays for Judgment against the Defendant as follows:

  1. For special damages in amounts to be proven at trial.

  2. For general damages in amounts to be proven at trial.

  3. For punitive damages in amounts to be proven at trial.

  4. For reasonable attorneys' fees and costs.

  5. For further legal and equitable relief as provided for by law.

  6. For all such other relief as the Court deems reasonable and proper.

  DATED: Honolulu, Hawai'i, this 24th day of January 2023.

        /s/Rodney P. Bridgers, Jr.
        RODNEY P. BRIDGERS, JR.

        Attorney for Plaintiff
        JOANN LOGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| JOANN LOGAN, | ) | CIVIL NO. |
| | ) | (Other Civil Action) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PRIVILEGE UNDERWRITERS, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JOANN LOGAN, by and through her undersigned counsel, and hereby demands a trial by jury on all issues so triable.

DATED:   Honolulu, Hawai'i, January 24, 2023.

          /s/ Rodney P. Bridgers. Jr.
RODNEY P. BRIDGERS, JR.

Attorney for Plaintiff
JOANN LOGAN